UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80938-CIV-MARRA

R. ALLEN TRIBBLE, JR.
and JAIME TRIBBLE,

Plaintiffs,

vs.

DEUTSCHE BANK NATIONAL TRUST CO.
et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before Defendants' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, Insufficient Service of Process, Failure to Comply with Rule 8, and Failure to State a Claim upon which Relief can be Granted and Motion to Quash Service of Process (DE 12).  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiffs R. Allen Tribble, Jr. and Jamie Tribble ("Plaintiffs"), who are father and daughter, bring this 11 count Complaint against Deutsche Bank National Trust Company ("Deutsche Bank"), Fremont Investment and Loan ("Fremont"), Tamara M. Waters ("Waters") Robert Sardina ("Sardina") and Michael K. Winston ("Winston").  The Complaint identifies Plaintiffs and Defendants Waters, Sardina and Winston as having Florida addresses. (Compl. ¶

19.)  The Complaint asserts diversity jurisdiction.[1]  (Compl. ¶ 13.)

According to the allegations, R. Allen Tribble, Sr., Plaintiff R. Allen Tribble Jr.'s father and Plaintiff Jaime Tribble's grandfather, purchased a residence in Jupiter, Florida from Fremont and Sardina.  Thus, R. Allen Tribble, Sr. and Jamie Tribble became the sole owners. (Compl. ¶ 1.)  Specifically, on March 9, 2008, Sardina accepted $92,000.00 for the purchase of the property and produced and executed a warranty deed from R. Allen Tribble, Sr.  (Compl. ¶ 31.) [2]  On April 27, 2008, Fremont accepted a pay-off of Sardina's mortgage and issued a satisfaction of mortgage.  (Compl. ¶ 32.)  On July 3, 2012, R. Allen Tribble, Jr. purchased his father's personal assets. (Compl. ¶ 3.)  Plaintiffs do not have a mortgage on the property. (Compl. ¶ ¶ 2, 11, 12(F), 20, 25.)  On April 10, 2013, Deutsche filed suit for foreclosure against Sardina and Plaintiffs' home. (Compl. ¶ 2.)  Fremont, Walters and Winston prosecuted a foreclosure action against Plaintiffs' property without verifying there was a "legitimate interest in and mortgage against Plaintiffs' property," failed to serve Plaintiffs, and ignored Plaintiffs' pleadings that no mortgage existed. (Compl. ¶ 21.)  On August 29, 2013, the Palm Beach County Circuit Court entered a final judgment of foreclosure against Sardina and Plaintiffs' home.  (Compl. ¶ 10.)

Defendant Deutsche moves to dismiss for lack of subject matter jurisdiction, insufficient service of process, failure to comply with Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Defendant Winston joins in Deutsche's argument, but does not move to dismiss for improper service of

---

[1] The Complaint also states that the Court has supplemental jurisdiction over the state law claims as they are related to the federal claims (Compl. ¶ 15.)

[2] The Court is merely reciting the allegations as set forth in the complaint.  The Court does not suggest that these allegations make sense factually or legally.

process.

    II. Discussion

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir.1996).

Here, the Complaint alleges that Plaintiffs are residents of Florida and three Defendants reside in Florida. (Compl. ¶¶ 18-19.)  As such, complete diversity of citizenship does not exist and the Court lacks subject-matter jurisdiction.  To the extent that Plaintiffs rely on their citation to the Truth in Lending Act ("TILA") , Real Estate Settlement Procedures Act ("RESPA") and federal constitutional violations to establish federal question jurisdiction, it is unavailing.  The Complaint merely references TILA and RESPA without discussing the elements of these causes of actions.  However, even more significant, is that the Complaint is replete with allegations that Plaintiffs had no mortgage.  (Compl. ¶¶ 2, 11, 12(F), 20, 25.)  Without a mortgage, the Court is hard-pressed to comprehend how these two statutes come into play.  Indeed, TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). Besides imposing criminal liability, TILA creates a private cause of

action for actual and statutory damages for certain disclosure violations. 15 U.S.C. §1640(a).  A person to whom credit was not extended is not entitled to recover in his or her own right.  See Owens v. Magee Fin. Serv. of Bogalusa, Inc., 476 F. Supp. 758 (E.D. La. 1979); cf. Ofor v. Ocwen Loan Serv., LLC, 649 F.3d 808, 816 (8th Cir. 2011) (mortgagor did not have standing under TILA to challenge the mortgage lender's failure to send second notice of right to cancel to his former wife prior to foreclosing on the mortgage on this residence).

Likewise, the Complaint cites to 12 U.S.C. § 2607 of the RESPA. That provision prohibits "any fee, kickback or thing of value" in exchange for business referrals and also forbids that a "portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service" be paid for services that are not actually rendered to the customer. 12 U.S.C. § 2607(a), (b). "These substantive provisions are enforceable through, *inter alia*, actions for damages brought by consumers of settlement services against any person or persons who violate the prohibitions or limitations of § 2607, with recovery set at an amount equal to three times the charge paid by the plaintiff for the settlement service at issue." Freeman v. Quicken Loans, Inc., 132 S. Ct. 2034, 2038 (2012) (citing 12 U.S.C. § 2607(d)(2)) (internal quotation marks omitted); see 12 U.S.C. § 2607(d)(2).[3]  Given that Plaintiffs allege they have no mortgage, they cannot be a consumer of settlement services as defined in 12 U.S.C. § 2602.[4]

---

[3] "Any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." 12 U.S.C. § 2607(d)(2).

[4] "Settlement services" is defined under 12 U.S.C. § 2602 as follows:

any service provided in connection with a real estate settlement including, but not limited

4

Lastly, to the extent the Complaint seeks to allege a federal constitutional violation, Plaintiffs do not allege a constitutional violation by a state actor and therefore do not meet the necessary jurisdictional prerequisites.  <u>Washington v. Veterans of Foreign Wars of U.S.</u>, 196 F. App'x 777, 779 (11th Cir. 2006) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)).  Thus, all that remains are state law claims.  Because the Complaint does not allege diversity of citizenship, the Court has no subject matter jurisdiction over this action and therefore no power do anything in this case.  <u>Travaglio v American Exp. Co.</u>, 735 F.3d 1266, 1269 (11th Cir. 2013).

In view of Plaintiffs' allegations that they did not have a mortgage and the fact that they have not sued state actors, they can not state valid federal claims.  Thus, granting Plaintiffs leave to amend the complaint would be futile.  As a result, this case is dismissed.

<u>III. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, Insufficient Service of Process, Failure to Comply with Rule 8, and Failure to State a Claim upon which Relief can be Granted and Motion to Quash Service of Process (DE 12) is **GRANTED IN PART AND DENIED AS MOOT IN PART**.  Because the Court is granting the motion to dismiss on the basis of lack of subject

---

to, the following: title searches, title examinations, the provision of title certificates, title insurance, services rendered by an attorney, the preparation of documents, property surveys, the rendering of credit reports or appraisals, pest and fungus inspections, services rendered by a real estate agent or broker, the origination of a federally related mortgage loan (including, but not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans), and the handling of the processing, and closing or settlement.

12 U.S.C. § 2602(3).

matter jurisdiction, the Court will not address the remaining bases for dismissal.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of January, 2014.

                                                                            _____
                                                                            KENNETH A. MARRA
                                                                            United States District Judge